E-FILED
Thursday, 31 March, 2022  02:03:52 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **AARON J. PERKINS, *et al.*,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v.  ) | **Case No. 22-cv-1025-JBM** |
| ) | |
| **TAZEWELL COUNTY JUSTICE** ) | |
| **CENTER, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |

### <u>MERIT REVIEW ORDER</u>

Plaintiffs, proceeding *pro se*, filed a complaint against Stacey Kempf, Sheriff Jeff Lower, and the Tazewell County Justice Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiffs, who are detained at the Tazewell County Justice Center, claim that the Defendants were negligent by failing to prevent the spread of COVID-19 among the detainees.

Plaintiffs allege that when a detainee tested positive in December 2021 and was moved to the B-pod, staff did not sanitize the pod or cell he had been assigned to. Staff allowed detainees in

the C-pod to mingle together without wearing masks for three days before conducting COVID-19 tests. Plaintiff Aaron Perkins and five other detainees in the C-pod tested positive.

Plaintiffs also make several complaints about the actions of staff members. For instance, Plaintiffs claim that staff members do not wear personal protective equipment ("PPE"); they allow detainees who are positive for COVID-19 to use the dayroom; they touch drinking cups and pass food trays to inmates who have tested positive for the virus; and when detainees are ill, staff members do not check their temperatures and charge them for Tylenol.

Plaintiffs ask the Court to order staff to take preventative steps to stop the spread of the virus; award compensation for pain and suffering; and to convert this case into a class action suit.

## ANALYSIS

As Plaintiffs were pretrial detainees during the events at issue, their claims are reviewed under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard. *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). Although they used a preprinted complaint form and designated their claim as having been filed under § 1983, Plaintiffs bring a claim for negligence against the Defendants. Allegations of negligence, however, do not reach the level of a constitutional violation. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk.").

Liability will not attach, however, unless a Defendant was aware or, reasonably should have been aware of the risk to Plaintiffs. Plaintiffs do not plead any such facts in support of their claims against Defendants Lower and Kempf and do not mention them in the body of the complaint. It is well-recognized that §1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville*

*v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir.2001)). While Plaintiffs name Sheriff Jeff Lower, they do not state if the suit is brought against the Sheriff in his official capacity, individual capacity, or both nor do they claim that the Sheriff was present or participated in the alleged conduct. Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted). Sheriff Jeff Lower and Superintendent Stacey Kempf are DISMISSED, without prejudice.

Plaintiff also names the Tazewell County Justice Center, which is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir.2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."); *Wright v. Porter County*, No. 12-493, 2013 WL 1176199, at *2 (N.D. Ind. Mar. 19, 2013) (" the jail… is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.) The Tazewell County Justice Center is DISMISSED, with prejudice.

**IT IS THEREFORE ORDERED:**

1.    Plaintiffs' complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiffs will have 30 days in which to file an amended complaint. It is to be captioned "Amended Complaint" and is to include all of Plaintiffs' claims, without reference to a prior pleading. If Plaintiffs replead, they are to identify those individual persons whom they hold liable for violating their constitutional rights.  The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.     The Clerk is directed to enter the standard order GRANTING [3] and [4], the Plaintiffs' Petitions to Proceed *in forma pauperis*, and assess an initial partial filing fee, if not already done.

ENTERED: 3/31/2022

s/ Joe Billy McDade
Joe Billy McDade
United States District Judge